1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MARIO GARCIA PADILLA,                    CASE NO. CV-F-04-5402 OWW WMW HC

12                     Petitioner,            FINDINGS AND RECOMMENDATIONS RE
                                              PETITION FOR WRIT OF HABEAS CORPUS
13   _____

14          vs.

15   K. MENDOZA-POWERS,

16                     Respondent.
                                      /
17

18          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant

19   to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C.

20   § 636(b)(1)(B) and Local Rule 72-302.

21                              **PROCEDURAL HISTORY**

22          In 1983, Petitioner pled guilty to second degree murder and was committed to state prison to

23   serve a term of fifteen years to life.

24          On August 22, 2002, Petitioner attended his third parole consideration hearing before the Board

25   of Prison Terms ("the Board").   The Board concluded that Petitioner was not suitable for parole and

26   denied parole for two years.  Following the Board's finding of unsuitability, Petitioner's administrative

27   appeal challenging the Board's decision was denied on the merits on April 8, 2003.

28          Petitioner filed a petition for writ of habeas corpus challenging the decision of the Board with

                                              1

1  the Superior Court for the County of Los Angeles.  The court denied the petition on July 14, 2003.

2  Petitioner then filed a petition for writ of habeas corpus with the California Supreme Court, which

3  summarily denied the petition on February 24, 2004.

4       Petitioner filed the present petition on March 9, 2004.  Respondent admits that Petitioner has

5  exhausted his state court remedies with respect to the claims raised in this petition.

6                                              **DISCUSSION**

7       Petitioner contends that his incarceration is illegal and violative of due process because the

8  Board failed to fairly consider evidence supporting his release on parole.  He further claims that the

9  Board found Petitioner unsuitable for release on parole based on grounds that are not supported by the

10  record before the Board at the time of the hearing.  Respondent disputes Petitioner's contention.

11       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

12  ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v.

13  Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484,

14  1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520

15  U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding

16  AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the

17  enactment of the AEDPA; thus, it is governed by its provisions.

18       Petitioner is in custody of the California Department of Corrections pursuant to a state court

19  judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C.

20  § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold requirement

21  of being in custody pursuant to a state court judgment. White v. Lambert, 370 F.3d 1002, 1006 (9th

22  Cir.2004); Sass v. California Board of Prison Terms, 376 F.Supp.2d 975 (E.D. Cal.2005); see 28 U.S.C.

23  § 2254(a) (This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

24  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

25  Constitution or laws or treaties of the United States.").

26       Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication

27  of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of,

28  clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted

1   in a decision that was based on an unreasonable determination of the facts in light of the evidence

2   presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see

3   Williams, 529 U.S. at 413.

4          As a threshold matter, this court must "first decide what constitutes 'clearly established Federal

5   law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28

6   U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this court must look to

7   the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant

8   state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly established

9   Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme

10  Court at the time the state court renders its decision." Id.

11         Finally, this court must consider whether the state court's decision was "contrary to, or involved

12  an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting* 28

13  U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the

14  state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law

15  or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable

16  facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application

17  clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal

18  principle from [the] Court's decisions but unreasonably applies that principle to the facts of the

19  prisoner's case." Williams, 529 U.S. at 413.

20         "[A] federal court may not issue the writ simply because the court concludes in its independent

21  judgment that the relevant state court decision applied clearly established federal law erroneously or

22  incorrectly.  Rather, that application must also be unreasonable." Id. at 411.  A federal habeas court

23  making the "unreasonable application" inquiry should ask whether the state court's application of

24  clearly established federal law was "objectively unreasonable." Id. at 409.

25          Petitioner has the burden of establishing that the decision of the state court is contrary to or

26  involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94

27  F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states, Ninth

28  Circuit precedent remains relevant persuasive authority in determining whether a state court decision

1   is objectively unreasonable.  See Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir.2003); Duhaime v.

2   Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

3          AEDPA requires that we give considerable deference to state court decisions. The state court's

4   factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's interpretation

5   of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*, 537 U.S. 859 (2002),

6   *rehearing denied*, 537 U.S. 1149 (2003).

7          Petitioner contends that his federal constitutional rights were violated, and he was deprived of

8   liberty without due process of law.   Because Petitioner is challenging the actions of a state, the court

9   will proceed under the Fourteenth Amendment.

10          The Fourteenth Amendment provides that "[no] State [shall] deprive any person of life, liberty,

11   or property, without due process of law." U.S. Const. Amend. XIV, § 1.  In certain cases, a state law

12   may create a liberty interest protected by the Constitution. In examining questions of procedural due

13   process, federal courts employ a two-step inquiry: 1) whether there exists a liberty or property interest

14   which has been interfered with by the State, Board of Regents of State Colleges v. Roth, 408 U.S. 564,

15   571, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); and 2) whether the procedures attendant upon that

16   deprivation were constitutionally sufficient, Hewitt v. Helms, 459 U.S. 460, 472, 103 S.Ct. 864, 74

17   L.Ed.2d 675 (1983), *receded from and rejected on separate grounds*, Sandin v. Conner, 515 U.S. 472,

18   115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). See Kentucky Dept. of Corrections v. Thompson, 490 U.S.

19   454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989).

20          Thus, the first question that must be answered is whether there exists a liberty interest protected

21   by the Due Process Clause.   The relevant California statutory language is contained in   Penal

22   Code Section 3041, which states, in relevant part:

23          (a) One year prior to the inmate's minimum eligible parole release date a panel of two or more
             commissioners or deputy commissioners shall again meet with the inmate and *shall normally*
24          *set a parole release date* as provided in Section 3041.5.

25          (b) The panel or the board, sitting en banc, *shall set a release date unless it determines* that the
             gravity of the current convicted offense or offenses, or the timing and gravity of current or past
26          convicted offense or offenses, is such that consideration of the public safety requires a more
             lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be
27          fixed at this meeting . . . .

28   Cal. Penal Code §§ 3041(a), 3041(b) (West 2000) (Emphasis added).  The Court of Appeal for the Ninth

4

1   Circuit has held that California inmates do have a liberty interest in a parole date.  Sass v. California

2   Board of Prison Terms, 461 F.3d 1123 (9th Cir. 2006).  Therefore,  this court must next analyze whether

3   the deprivation of that interest in this case  violated Petitioner's right to due process.  See Ky. Dep't

4   Corr., 490 U.S. at 45, 460 (1989).    The standard used in such an analysis is the "some evidence"

5   standard enunciated in Superintendent v. Hill, 472 U.S. 445, 454 (1985); see Jancsek v. Or. Bd. of

6   Parole, 833 F.2d 1389, 1390 (9th Cir. 1987)(holding that some evidence standard applies in cases of

7   parole denial).  To determine whether the some evidence standard is met does not require examination

8   of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.

9    Instead, the relevant question is whether there is any evidence in the record that could support the

10   conclusion reached by the disciplinary board."  Id. at 455-56.

11          The Board of Prison Terms decision provides in part as follows:

12              The Panel reviewed all of the information received from the public and relied on the
            following circumstances in concluding that the petitioner is not suitable for parole and would
13          pose and unreasonable risk of danger to society or a threat to public safety if released from
            prison.  The offense was carried out in an especially cruel a manner.  The offense was carried
14          out in a dispassionate manner.  The offense was carried out in a manner which demonstrates an
            exceptionally callous disregard for human suffering.  The motive for the crime was inexplicable
15          and trivial in relation to the offense.  These conclusions are drawn from the Statement of Facts
            wherein the petitioner shot and killed the victim with a 20 gauge shotgun during a verbal
16          dispute.

17
18          In making its judgment based on the nature of the conviction offense, the Board cannot be found

19   to have acted arbitrarily.  The nature of the offense amounts to some evidence to support the Board's

20   determination.  Because of the existence of this evidence, Petitioner's claims that the Board failed to

21   fairly consider evidence supporting his release on parole, and found Petitioner unsuitable for release on

22   parole based on grounds that are not supported by the record before the Board, are essentially moot.

23   Finally, the state court decisions upholding the Board's decision to deny parole were neither contrary

24   to, nor did they involve an unreasonable interpretation of clearly established Federal law as determined

25   by the Supreme Court of the United States.  28 U.S.C. § 2254(d).

26          Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas

27   corpus be DENIED and that judgment be entered for Respondent.

28

1         These Findings and Recommendation are submitted to the assigned United States District Court

2    Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules

3    of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days

4    after being served with a copy, any party may file written objections with the court and serve a copy on

5    all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

6    Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus

7    three days if served by mail) after service of the objections.  The court will then review the Magistrate

8    Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

9    objections within the specified time may waive the right to appeal the District Court's order.  Martinez

10   v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12

13

14

15                                     IT IS SO ORDERED.

16   **Dated:       January 4, 2007**                    **/s/  William M. Wunderlich**
     mmkd34                                      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28